UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

ROBERT LYONS

VERSUS

ENTERGY GULF STATES, INC.

CIVIL ACTION

NO. 10-311-BAJ-SCR

## RULING ON MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a motion by defendant, Entergy Gulf States Louisiana, LLC[1] ("Entergy") (doc. 23). Plaintiff has filed no opposition to the motion and the deadline to do so has passed. Jurisdiction is alleged under 28 U.S.C. 1331.

## FACTUAL BACKGROUND

Plaintiff, an employee of defendant since 1993, filed this action on May 3, 2011, alleging that his application for employment as a Measurement Technician was rejected due to discrimination on the basis of age and race. As is required by Local Rule 56.1, defendant has submitted the following facts which it claims are undisputed and material to the claims asserted by plaintiff. Because plaintiff has not controverted defendant's statement of undisputed material facts, the following facts are deemed admitted for purposes of the present motion[2]:

1. Plaintiff, a member of the International Brotherhood of Electrical Workers, began employment with Entergy in 1993 and remains employed with Entergy today.

---

[1] Improperly identified in the complaint as Entergy Gulf States, Inc.

[2] Local Rule 56.2 provides, in pertinent part, that "[a]ll material facts set forth in the statement required to be served by the moving party will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Only facts material to the present ruling are recited herein.

2. Plaintiff applied for the position of Measurement Technician in March of 2008.

3. The position was posted for interested employees to apply. Plaintiff and three others who applied were interviewed pursuant to usual practices.

4. The interview team was selected by the hiring manager, Kenny Harris, before he knew who had applied for the position.

5. The interview team was composed of Harris (Caucasian, 43 years-of-age); Kenny Pitts (African-American, 45 years-of-age), and David Peterson (Caucasian, 28 years-of-age). Harris selected the other two members because they worked with Measurement Technicians.

6. The interviewers used a list of prepared questions for all interviewees. The questions had been submitted to the Human Resources Department for approval before Harris knew who had applied for the position. The interviewers recorded the answers on their respective scoring sheets.

7. After scoring each applicant, the interviewers tallied their respective scores and ranked the applicants according to those scores. Harris and Pitts independently ranked the applicants in the same order.

8. The interviewees were: (1) plaintiff (African-American[3]), (2) Matt Long (Caucasian, 25 years-of-age), (3) Mike Sedberry (Caucasian, 39 years-of-age), and (4) Jerry Williams (African-American, 45 years-of-age).

9. All three interviewers scored plaintiff's responses lower than the responses of the other three interviewees.[4]

---

[3]The statement of undisputed facts does not establish the age of plaintiff, but plaintiff's uncontroverted deposition statement establishes plaintiff's age for purposes of the present motion as "pretty close" to fifty years. See, (doc. 23-1, p. 23).

[4]See, (doc. 23-3, ¶10).

10. Interviewers scored Williams highest because he provided better examples of his trouble-shooting and analytical skills. "By contrast, the interviewers found that Lyons' responses were brief and less specific."[5]

11. Interviewers scored Long as the second best candidate after Williams, in part, because of his trouble-shooting and computer skills.

12. The interviewees were selected from various applicants based on the collective bargaining agreement which requires that defendant interview the applicants who are senior in their respective union classifications. However, pursuant to the collective bargaining agreement, seniority played no role in the actual employment decision.

13. Williams, who scored highest overall in the interview, was offered the position.[6]

14. Williams declined the position after being informed that defendant could not offer him a special adjustment to the posted pay rate.

15. Long, who received the second highest score, was then offered the job and accepted it.

16. Plaintiff subsequently filed a charge with the Equal Employment Opportunity Commission claiming race and age discrimination.

## LAW AND DISCUSSION

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(a).

---

[5](Doc. 23-3, ¶11).

[6]See, (doc. 23-3, ¶¶ 7, 10, 11, 13).

The plaintiff in an employment discrimination case bears the burden of proving that he has been the victim of intentional discrimination. *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 508 (1993). In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor. *Coleman v. Houston Independent School District*, 113, F.3d 528 (5th Cir. 1997). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2411, 91 L.Ed.2d 202 (1986). The non-movant's burden, however, is not satisfied by some metaphysical doubt as to the material facts, or by conclusory allegations, unsubstantiated assertions or a scintilla of evidence. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex Corp. V. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

To survive summary judgment on a claim of unlawful employment discrimination, a plaintiff must prove that there is a genuine dispute of material fact concerning his prima facie case. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 793 (1973)). "In order to show a prima facie case of discriminatory discharge, a plaintiff must first establish that [he] (1) is a member of a protected class, (2) was subjected to an

adverse employment action, (3) was qualified for [his] position, and (4) was replaced by someone outside of the protected class." *Turner v. Baylor Richardson Medical Center*, 476 F.3d 337, 345 (5th Cir. 2007) (citing, *Rutherford v. Harris County*, 197 F.3d 173, 179-80 (5th Cir. 1999). A plaintiff's establishment of a *prima facie* case gives rise to an inference of discrimination which shifts the burden of proof to the defendant who must then articulate a legitimate, non-discriminatory reason for the challenged employment action. *Texas Dept. of Comm. Affairs v. Burdine*, 450 U.S. 248, 254, 101 S.Ct. 1089, 1094, 67 L.Ed.2d 207 (1981); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 801-803, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Once the defendant asserts such a reason, the inference of discrimination raised by the *prima facie* case drops from the case. At that point, summary judgment is appropriate unless the plaintiff can prove that the defendant's rationale is pretextual. *Id.*

Assuming, without deciding, that plaintiff has set forth a prima facie case of discrimination, the Court notes that defendant has articulated legitimate, non-discriminatory reasons for the challenged employment action. Therefore, plaintiff bears the burden of setting forth evidence to establish that plaintiff's reasons for the decision are pretextual. As is noted previously, however, plaintiff has filed no opposition to the motion. Accordingly, the Court concludes that summary judgment is appropriate because plaintiff has not met his burden of establishing a genuine issue of fact as to whether defendant's stated non-discriminatory reasons for the employment decision are merely pretextual.

Moreover, the Court notes that "[i]nadequately briefed issues are deemed abandoned." *United States v. Charles*, 469 F.3d 402, 408 (5th Cir. 2006) (citing, *Dardar v. Lafourche Realty Co.*, 985 F.2d 824, 831 (5th Cir. 1993) (citing, *Friou v. Phillips Petroleum Co.*, 948 F.2d 972, 974 (5th Cir. 1991); *Harris v. Plastics Mfg, Co.*, 617 F.2d 438, 440 (5th Cir. 1980)); see also, e.g., *Association of American Physicians & Surgeons, Inc. v. Texas Medical Bd.*, 627 F.3d 547, 551 (5th Cir. 2010) (stating that a party which "neither briefed nor argued" an issue had abandoned it); *Indiana Elec. Workers' Pension Trust Fund IBEW v. Shaw Group, Inc.*, 537 F.3d 527, 543 (5th Cir. 2008) (stating that "[w]e deem the un-briefed claims to be abandoned"); *Askanase v. Fatjo*, 130 F.3d 657, 668 (5th Cir. 1997) (stating that "[a]ll issues not briefed are waived").

## CONCLUSION

For all of the foregoing reasons, the motion by defendant, Entergy Gulf States Louisiana, LLC, for summary judgment (doc. 23) is hereby **GRANTED**, and judgment, dismissing this matter, shall issue separately.

Baton Rouge, Louisiana, December 3, 2011.

_____
BRIAN A. JACKSON
UNITED STATES DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA